# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

Joseph Gardi,

    Plaintiff,

v.

Director Matthew Damschroder, et al.,

    Defendants.

Case No. 2:23-cv-482

Judge Michael H. Watson

Magistrate Judge Vascura

## OPINION AND ORDER

Matt Damschroder ("Damschroder"), Maureen M. Corcoran ("Corcoran"), Ohio Department of Job and Family Services ("ODJFS"), and Ohio Department of Medicaid ("ODM," collectively "Defendants") move to dismiss Joseph Gardi's ("Plaintiff") Complaint. ECF No. 25. For the following reasons, the motion is **GRANTED.**[1]

**I.**

Before considering the merits of Defendants' motion, the Court addresses a recent correspondence from Plaintiff, ECF No. 46 (the "Letter"). In the Letter, Plaintiff requests appointment of counsel, asks for a "hearing trial," and outlines Plaintiff's alleged injuries. ECF No. 46.

---

[1] Defendants also move to stay discovery pending a ruling on the motion to dismiss. ECF No. 31. Because the Court rules on the motion to dismiss with this Opinion and Order, the motion to stay discovery is **DENIED AS MOOT**.

Read liberally, the only part of the Letter that can be construed as a motion is Plaintiff's repeated request for appointment of counsel. As the Court previously explained, the Court cannot appoint counsel in a civil case. The most the Court can do is ask an attorney to represent a plaintiff on a pro bono basis, and that "is not a constitutional right but a privilege that is justified only by exceptional circumstances." *Bryant v. McDonough*, 72 F.4th 149, 152 (6th Cir. 2023). No exceptional circumstances exist here. Despite Plaintiff's health problems, he is able to clearly articulate his thoughts in writing, and he generally demonstrates a correct understanding of legal concepts and terminology. Thus, Plaintiff has "sufficient ability to represent [himself]." *Id.*

Accordingly, to the extent the Letter is a motion to appoint counsel, that motion is **DENIED**.

## II.

A claim survives a motion to dismiss under Rule 12(b)(6) if it "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556). This standard "calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of [unlawful conduct]." *Twombly*, 550 U.S. at 556. A pleading's "[f]actual allegations must be enough to raise a right to relief above

the speculative level, on the assumption that all the allegations in the [pleading] are true (even if doubtful in fact)." *Id.* at 555 (internal citations omitted). At the motion to dismiss stage, a district court must "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *Wamer v. Univ. of Toledo*, 27 F.4th 461, 466 (6th Cir. 2022) (internal quotation marks and citations omitted). However, the non-moving party must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.

### III.

Plaintiff's claims arise out of Defendants' alleged decision to deny Plaintiff the opportunity to participate in the Specialized Recovery Services program ("SRS Program"), a program administered by ODM. *See generally* Am. Compl., ECF No. 4; Ohio Admin. Code 5160-43-01, *et seq.* Plaintiff describes himself as "medically needy" for purposes of Ohio's Medicaid Program. Am. Compl. ¶¶ 16–25, 44, ECF No. 4.

Plaintiff alleges that Defendants violated the Fourteenth Amendment Equal Protection Clause, the Medicaid Act, the Accordable Care Act, the Americans with Disabilities Act, and the Rehabilitation Act. *See generally, id.* At the heart of each of these claims is Plaintiff's contention that he was unlawfully denied participation in the SRS Program solely because of his specific diagnoses. *See generally, id.* Plaintiff also alleges that, but for his diagnosis, he was qualified to

participate in the SRS Program and/or that other, similarly situated, "medically needy" individuals are allowed to participate. *Id.* ¶¶ 99, 107–08, 113, 121–122, 132–33. Thus, according to Plaintiff, Defendants wrongfully discriminated against him on the basis of his disability. *See generally, id.*

Plaintiff's claims all rest on a fatally flawed premise. Ohio does not—and need not—extend *any* Medicaid coverage to "medically needy" persons. *See Atkins v. Rivera*, 477 U.S. 154, 157 (1986) ("A participating State also *may* elect to provide medical benefits to the 'medically needy[.]'" (emphasis added; citations omitted)); *Gandenberg v. Barry*, 687 F. Supp. 346, 349–50 (S.D. Ohio 1988) ("Participating states may *at their option* provide Medicaid coverage to the medically needy . . . the State of Ohio does not provide assistance to the medically needy[.]" (emphasis in original; citations omitted)); *see also* Ohio Medicaid Plan, Attachment 3.1-B, ECF No. 30-2.[2]

Thus, contrary to Plaintiff's assertions, he was *not* denied participation in the SRS Program because of his specific diagnoses. Nor was Plaintiff otherwise eligible to participate in the SRS Program, and Defendants did not discriminatorily deny Plaintiff participation in the program on the basis of his disability. Rather, Plaintiff was denied participation because Ohio does not

---

[2] The Court may consider matters of public record, like the Ohio Medicaid Plan, on a Rule 12 motion without converting the motion into one for summary judgment. *See L.O.I. Prop., LLC v. Butler Cnty., Ohio*, No. 22-3512, 2023 WL 3270901, at *2, n. 3 (6th Cir. May 5, 2023) (explaining that a court may consider relevant public records when ruling on a Rule 12 motion).

extend Medicaid coverage—including participation in the SRS Program—to *any* "medically needy" person, including Plaintiff.

Granted, during administrative proceedings, Plaintiff was told he was denied participation in the SRS program because of his diagnosis, not because of his "medically needy" status. Am. Comp. ¶¶ 58–77, ECF No. 4. Unfortunately for Plaintiff, the (possibly incorrect) reasoning the state agency provided does not change the fact that Plaintiff was not eligible for Medicaid benefits in the first place.

Because Plaintiff's claims all arise out of his misunderstanding of Ohio's Medicaid Program, all the claims fail.

## IV.

For these reasons, Defendants' motion is **GRANTED**. Plaintiff's Amended Complaint is **DISMISSED.**

The Clerk shall enter judgment for Defendants and close the case.

**IT IS SO ORDERED.**

*/s/ Michael H. Watson*

**MICHAEL H. WATSON, JUDGE**
**UNITED STATES DISTRICT COURT**